UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KAITLYN GALLANT,

    Plaintiff,

v.                                           CASE NO.: 8:25-cv-03156

CSC PINELLAS 2 LLC,
d/b/a CHICKEN SALAD CHICK

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KAITLYN GALLANT, (hereinafter "Plaintiff" or "Ms. Gallant"), by and through the undersigned counsel, files this Complaint and Demand for Jury Trial against Defendant, CSC PINELLAS 2 LLC d/b/a CHICKEN SALAD CHICK, (hereinafter "Chicken Salad Chick"), and alleges:

**JURISDICTION AND VENUE**

1. This is a civil action under federal law by Plaintiff against her former employer for monetary damages, declaratory relief and for other equitable relief pursuant to the Americans with Disabilities Act of 1990 ("ADA"), the Florida Civil Rights Act of 1992 ("FCRA"), and Florida Statute § 440.205.

2. This Court has jurisdiction over Plaintiff's ADA claims under 28 U.S.C §§ 1331 and 1334.

3. The claims that arise under state law arise out of the same nexus of operative facts, and this Court therefore has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Pinellas County, which is located within the Middle District of Florida.

## PARTIES

5. Plaintiff, KAITLYN GALLANT, is a female who resides in Pinellas County, Florida, located in the Middle District of Florida.

6. Defendant, CSC PINELLAS 2 LLC d/b/a CHICKEN SALAD CHICK, is a Florida Limited Liability Company principally located at 719 Seabreeze Lane, Palm Harbor, Florida 34683.

7. However, Defendant also operated a restaurant located at 7839A 113th Street N, Seminole, Florida 33772, at which Plaintiff worked.

8. Plaintiff has satisfied all conditions precedent to bringing this action.

## GENERAL ALLEGATIONS

9. In June 2024, Chicken Salad Chick hired Ms. Gallant to work as a front crew member.

10. As part of her duties, she was tasked with providing customer service, maintaining a clean work area, and supporting and assisting fellow team members.

11. On June 3, 2025, Ms. Gallant injured her left wrist at work while attempting to turn a sign at the front of the store so that customers could see it more clearly.

12. Ms. Gallant reported the injury to Steven Stoltz (Manager).

13. Mr. Stoltz then asked Jen McConnell (General Manager) for the paperwork Ms. Gallant needed to submit for a worker's compensation claim.

14. That same day, Ms. Gallant took the paperwork to the worker's compensation doctor, and his office completed the paperwork.

15. The doctor noted that Ms. Gallant could not carry more than five pounds at a time as a lifting restriction.

16. When she returned to work, Ms. Gallant gave the paperwork to Mr. Stoltz.

17. Around June 10, 2025, Ms. McConnell called Mr. Stoltz to help locate Ms. Gallant's doctor's note from her doctor's visit on June 3, 2025.

18. While reviewing Ms. Gallant's doctor's note, Ms. McConnell told Mr. Stoltz, "She's got to go," indicating that Ms. Gallant's requested lifting restriction accommodation and her participation in the worker's compensation process warranted her termination.

19. On June 16, 2025, Ms. Gallant attended a second doctor's appointment.

20. At that time, the doctor lifted the five-pound lifting restriction and imposed a new restriction that Ms. Gallant could not carry more than ten pounds.

21. The following day, when Ms. Gallant attempted to provide this paperwork to Ms. McConnell, she told Ms. Gallant that she did not need it and refused to accept it from Ms. Gallant.

22. During Ms. Gallant's employment, Chicken Salad Chick maintained a policy permitting employees to give discounts close friends and family. Ms. McConnell allowed employees to give friends and family discounts and never punished employees from doing so.

23. On July 11, 2025, Chicken Salad Chick terminated Ms. Gallant for allegedly giving free food to a customer when she had not done so.

24. In reality, Ms. McConnell's decision to terminate Ms. Gallant was in retaliation for her request for a reasonable accommodation following her injury.

25. Alternatively, Ms. McConnell's decision to terminate Ms. Gallant was in retaliation for her filing a workman's compensation claim.

26. Ms. Gallant has incurred attorney fees and costs in bringing this matter.

## COUNT I
### Violation of the ADA
### For Failure to Provide a Reasonable Accommodation
### & Engage in the Interactive Process in Good Faith

27. Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

28. The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

29. The ADA requires employers to grant reasonable accommodations to the known mental or physical limitations of an otherwise qualified employee unless the employer can show the accommodation would impose an undue hardship on the operation of its business.

30. When an employee requests an accommodation, this triggers an interactive process to determine the appropriate accommodation in which the employee and employer must participate. 29 C.F.R. § 1630.2(o)(3).

31. An employer's failure to engage in the interactive process in good faith is liable for disability discrimination when there is a breakdown in communication that blocks or delays an accommodation.

32. During her employment with Defendant, Ms. Gallant suffered from a work-related injury to her left wrist.

33. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on her disability or perceived disability.

34. Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

35. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

36. Ms. Gallant was qualified for her job and was able to perform all essential functions of her job.

37. Defendant failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith, and ultimately terminated Ms. Gallant.

38. The discriminatory conduct described herein demonstrates Ms. McConnell's failure to provide Ms. Gallant with a reasonable accommodation and her refusal to engage in the interactive process with Ms. Gallant in good faith. Mr. McConnell's actions violated the ADA and are a form of discrimination against Ms. Gallant based on her disability.

39. Defendant's actions in refusing to provide her a reasonable accommodation because of her disability or perceived disability were reckless, willful, and malicious.

40. Defendant's actions in refusing to engage in the interactive process in good faith were reckless, willful, and malicious.

41. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT II
### Violation of the ADA
### For Discrimination Resulting in
### Adverse Employment Action
### On the Basis of Disability

42. Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

43. The Americans with Disabilities Act, 42 U.S.C. §12101, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability or perceived disability.

44. During her employment with Defendant, Ms. Gallant suffered from a work-related injury to her left wrist.

45. Plaintiff is a member of a protected class and protected by the ADA from discrimination based on her disability or perceived disability.

46. Defendant is an "employer" within the meaning of the ADA during the time of these allegations.

47. Defendant knew that Ms. Gallant injured her left wrist at work.

48. Plaintiff has satisfied all procedural and administrative requirements set forth in the ADA.

49. Ms. Gallant was qualified for her job and was able to perform all essential functions of her job.

50. On July 11, 2025, Defendant terminated Ms. Gallant from her position because of her disability or perceived disability.

51. Defendant's actions in terminating Ms. Gallant because of her disability were reckless, willful, and malicious.

52. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

### COUNT III
**Violation of the ADA**
**Retaliation for Engagement in Protected Activity**
**Resulting in Adverse Employment Action**
**On the Basis of Disability**

9

53. Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

54. Plaintiff is a member of a protected class under the ADA.

55. Plaintiff engaged in protected activity under the ADA by requesting a reasonable accommodation due to her disability.

56. Defendant retaliated against Ms. Gallant for engaging in a protected activity under the ADA by terminating Ms. Gallant after she requested a reasonable accommodation due to her disability.

57. Defendant's actions were reckless, willful and done with malice.

58. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

  C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

  D. Prejudgment interest;

  E. An award of Punitive damages;

  F. Reasonable attorney's fees and costs; and

  G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT IV
### Violation of the FCRA
### For Failure to Provide a Reasonable Accommodation
### & Engage in the Interactive Process in Good Faith

59. Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

60. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

61. The FCRA closely mirrors the language of the ADA with respect to unlawful discrimination based on a person's disability.

62. Employers are required to grant reasonable accommodations to the known mental or physical limitations of an otherwise qualified employee unless the employer can show the accommodation would impose an undue hardship on the operation of its business.

63. When an employee requests an accommodation, this triggers an interactive process to determine the appropriate accommodation in which the employee and employer must participate.

64. An employer's failure to engage in the interactive process in good faith is liable for disability discrimination when there is a breakdown in communication that blocks or delays an accommodation.

65. During her employment with Defendant, Ms. Gallant suffered from a work-related injury to her left wrist.

66. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on her disability or perceived disability.

67. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

68. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

69. Ms. Gallant was qualified for her job and was able to perform all essential functions of her job.

70. Defendant failed to provide a reasonable accommodation and failed to engage in the interactive process in good faith, and ultimately terminated Ms. Gallant.

71. The discriminatory conduct described herein demonstrates Ms. McConnell's failure to provide Ms. Gallant with a reasonable accommodation and her refusal to engage in the interactive process with Ms. Gallant in good faith. Mr. McConnell's actions violated the FCRA and are a form of discrimination against Ms. Gallant based on her disability.

72. Defendant's actions in refusing to provide her a reasonable accommodation because of her disability or perceived disability were reckless, willful, and malicious.

73. Defendant's actions in refusing to engage in the interactive process in good faith were reckless, willful, and malicious.

74. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

**COUNT V**
**Violation of the FCRA**
**For Discrimination Resulting in**
**Adverse Employment Action**
**On the Basis of Disability**

75. Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

76. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et seq. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's disability.

77. During her employment with Defendant, Ms. Gallant suffered from a work-related injury to her left wrist.

78. Plaintiff is a member of a protected class and protected by the FCRA from discrimination based on her disability or perceived disability.

79. Defendant is an "employer" within the meaning of the FCRA during the time of these allegations.

80. Defendant knew Plaintiff injured her left wrist at work.

81. Plaintiff has satisfied all procedural and administrative requirements set forth in the FCRA.

82. Ms. Gallant was qualified for her job and was able to perform all essential functions of her job.

83. On July 11, 2025, Defendant terminated Ms. Gallant from her position because of her disability or perceived disability.

84. Defendant's actions in terminating Ms. Gallant because of her disability were reckless, willful, and malicious.

85. As a direct and proximate result of Defendant's actions, Plaintiff has suffered a loss of employment, loss of compensation, loss of privileges and benefits, and has suffered and continues to suffer mental and emotional distress, humiliation, embarrassment, and damage to her professional reputation. Plaintiff has suffered and will continue to suffer irreparable injury caused by Defendant's illegal conduct.

**WHEREFORE**, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

**COUNT VI**
**Violation of the FCRA**
**Retaliation for Engagement in a Protected Activity**
**Resulting in Adverse Employment Action**
**On the Basis of Disability**

86. Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

87. The Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, et al. ("FCRA") makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on that person's engagement in a protected activity.

88. Plaintiff is a member of a protected class under the FCRA.

89. Plaintiff engaged in protected activity under the FCRA by requesting a reasonable accommodation due to her disability.

90. Defendant retaliated against Ms. Gallant for engaging in a protected activity under the FCRA by terminating Ms. Gallant after she requested a reasonable accommodation due to her disability.

91. Defendant's actions were reckless, willful and done with malice.

92. As a direct, proximate and foreseeable result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, loss of benefits, inconvenience, embarrassment, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A. An award of Back Pay damages;

B. An award of Front Pay damages;

C. Compensatory Damages for mental anguish, loss of enjoyment of life, and humiliation;

D. Prejudgment interest;

E. An award of Punitive damages;

F. Reasonable attorney's fees and costs; and

G. All such other relief as the Court deems just, equitable and appropriate.

## COUNT VII
## Workers' Compensation Retaliation
## Pursuant § 440.205, Florida Statutes

93. Plaintiff, KAITLYN GALLANT, incorporates by reference the allegations set forth in paragraphs one (1) through twenty-six (26) as if set forth herein in full.

94. Plaintiff brings an action under the Workers' Compensation Law §440.205, Florida Statutes, for unlawful retaliation.

95. On June 3, 2023, Ms. Gallant suffered an injury while working for Defendant.

96. On the same day, Ms. Gallant submitted a Worker's Compensation Claim relating to the injury she sustained.

97. On July 11, 2025, Defendant terminated Ms. Gallant from her position in retaliation for submitting a worker's compensation claim on June 3, 2023.

98. Ms. Gallant's termination was a retaliatory action taken by Defendant against Ms. Gallant for making a claim for worker's compensation benefits in violation of § 440.205, Florida Statutes.

99. As a direct, proximate and foreseeable result of Defendant's termination of Plaintiff, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay,

interest on pay, bonuses, and other tangible and intangible damages. These damages have occurred in the past, are permanent and continuing.

**WHEREFORE**, Plaintiff, KAITLYN GALLANT, demands entry of a Final Judgment against Defendant for the following:

A. Compensation for lost wages, benefits, and other remuneration;

B. Front pay;

C. Compensatory damages, including emotional distress, allowable at law;

D. Prejudgment interest on all monetary recovery obtained;

E. Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant; and

F. For such further relief as the Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury.

Dated this 17th day of November, 2025.

> */s/ Gary L Printy, Jr, Esq*
> **Gary L. Printy, Jr**
> Florida Bar No. 41956
> **PRINTY LAW FIRM**
> 5407 N Florida Ave.
> Tampa, Florida 33604
> Telephone (813) 434-0649
> FAX (813) 423-6543
> garyjr@printylawfirm.com
> e-service@printylawfirm.com
> *Lead Counsel for Plaintiff*